# In the United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

**ADRIAN DICKEY**,
*Plaintiff-Appellant*

vs.

**SHAWNA HUSTED AND ALLEN HUSTED**
*Defendants-Appellees*

On Appeal from the United States District Court for the Southern District of Iowa, Central Division, Case No. 4:25-cv-00200-SMR-WPK
The Honorable Stephanie M. Rose, United States District Judge

**BRIEF OF DEFENDANTS-APPELLEES**
**SHAWNA HUSTED AND ALLEN HUSTED**

Siobhan Briley
Brittany Levine
Ellis & Winters, LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
Telephone: (919) 865-7000
siobhan.briley@elliswinters.com
brittany.levine@elliswinters.com

*Attorneys for Defendants-Appellees*
*Shawna Husted and Allen Husted*

1

# SUMMARY OF THE CASE

This case is the latest manifestation of the unfortunate legacy of the marriage of Adrian Dickey ("Plaintiff") and Shawna Husted ("Shawna"), which ended in 2009.[1] Plaintiff filed this lawsuit in retaliation for a state court lawsuit ("Husted Lawsuit") filed by Shawna, her husband Allen Husted ("Allen" and, together with Shawna, the "Husteds"), and their daughter, Korynn Husted ("Korynn"), who is Plaintiff's biological daughter. The Husted Lawsuit was filed in good faith and for a proper purpose—to recover insurance settlement proceeds the Husteds believed they were entitled to recover. The Husteds lost their case not because there was a trial on the merits but because they withdrew their resistance to Plaintiff's request for sanctions in the form of judgment in his favor. As a result, Plaintiff retained the insurance settlement proceeds and the Husteds recovered nothing. Rather than accept his victory and move on, Plaintiff filed this lawsuit, asserting meritless claims for abuse of process and malicious prosecution, which the district court properly dismissed as failing to state claims upon which relief can be granted.

The Husteds do not believe oral argument is necessary but request 15 minutes if oral argument will be helpful to the Court.

---

[1] While the date of the Decree of Dissolution of the marriage of Shawna Husted and Adrian Dickey is not part of the record in this case, it is undisputed that Appellant was married to Shawna and that their marriage ended long ago. *See, e.g.*, App. 130 ¶ 17 ("Shawna and Adrian divorced in 2009.")

2

# TABLE OF CONTENTS

SUMMARY OF THE CASE................................................................................2

TABLE OF AUTHORITIES.............................................................................5

STATEMENT OF THE ISSUES ......................................................................7

STATEMENT OF THE CASE..........................................................................8

    A.    Factual Background...................................................................8

    B.    Procedural History...................................................................11

SUMMARY OF THE ARGUMENT ................................................................15

ARGUMENT.................................................................................................16

I.    STANDARD OF REVIEW .................................................................16

II.    PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS
BECAUSE THE FIRST AMENDED COMPLAINT DOES NOT
PLAUSIBLY ALLEGE THE HUSTEDS USED THE STATE COURT
LITIGATION *PRIMARILY* TO COMPEL PLAINTIFF TO DO OR REFRAIN
FROM DOING SOMETHING OR TO PAY A DEBT OTHER THAN
RELEASING THE INSURANCE PROCEEDS....................................................18

    A.    The district court properly held that Plaintiff's abuse of
process claim did not plausibly allege that the Husteds
used legal process primarily for an improper purpose.......................20

    B.    The district court did not require Plaintiff to plead extortion .............26

III.    THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR
MALICIOUS PROSECUTION BECAUSE THE PLAINTIFF FAILS
TO PLAUSIBLY ALLEGE SPECIAL INJURY. IN ADDITION,
THE HUSTEDS HAD PROBABLE CAUSE TO FILE THEIR LAWSUIT................29

    A.    The district court properly held that Plaintiff failed to
plausibly allege special injury ........................................................30

Appellate Case: 25-3390    Page: 3    Date Filed: 04/20/2026 Entry ID: 5630534

      B.     Plaintiff failed to plausibly allege that the Husted Lawsuit lacked probable cause ............................................................................34

CONCLUSION ...............................................................................................35

CERTIFICATE OF SERVICE ...............................................................................36

CERTIFICATE OF COMPLIANCE .........................................................................37

Appellate Case: 25-3390    Page: 4    Date Filed: 04/20/2026 Entry ID: 5630534

TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

**Cases**                                                                                                **Page(s)**

*Alfs v. Alfs*, 66 N.W.2d 121(Iowa 1954)......................................................32

*Ashanti v. City of Golden Valley*, 666 F.3d 1148 (8th Cir. 2012)....................... 17-18

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ............................................ *passim*

*AT&T Corp. v Aventure Communication Technology, LLC*,
    207 F. Supp. 3d 962 (S.D. Iowa 2016)...........................................22

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................ 17, 21, 24

*Bickel v. Mackie*, 447 F. Supp. 1376 (N.D. Iowa 1978) .........................................32

*Brody v. Ruby*, 267 N.W.2d 902 (Iowa 1978) .....................................................7, 32

*Carter v. Ludwick*, 139 F.4th 982 (8th Cir. 2025)......................................... 7, 22, 23

*DreamTeam Dev., LLC v. Irlbeck*, Case No. 4:23-cv-00209-SMR-SBJ,
    2023 WL 8522982 (S.D. Iowa Nov. 3, 2023) ............................... 18, 25, 28, 29

*Du Bois v. Bd. of Regents of Univ. of Minn.*,
    987 F.3d 1199 (8th Cir. 2021) .......................................................17

*Foley v. Argosy Gaming Co.*, 688 N.W.2d 244 (Iowa 2004). ....................... 7, 30, 32

*Froning & Deppe, Inc. v. S. Story Bank & Tr. Co.*,
    327 N.W.2d 214 (Iowa 1982).........................................................25

*Handeen v. Lemaire*, 112 F.3d 1139 (8th Cir. 1997) .................................................24

*Hanson v. Hancock County Memorial Hospital*,
    938 F. Supp. 1419 (N.D. Iowa 1996) ............................................33

*Int'l Motor Contest Ass'n, Inc. v. Staley*,
    434 F. Supp. 2d 650 (N.D. Iowa 2006) .................................................. 24, 27

*Jensen v. Barlas*, 438 F. Supp. 2d 988 (N.D. Iowa 2006)....................... 7, 25, 27, 32

*Johnson v. Farm Bureau Mut. Ins. Co.*,
    533 N.W.2d 203 (Iowa 1995).................................................. 24, 28

Appellate Case: 25-3390    Page: 5    Date Filed: 04/20/2026 Entry ID: 5630534

*Linn v. Montgomery*, 903 N.W.2d 337 (Iowa 2017) ..................................................20

*McDonough v. Anoka County*, 799 F.3d 931 (8th Cir. 2015)............................ 17, 21

*Mills Cnty. State Bank v. Roure*, 291 N.W.2d 1 (Iowa 1980) ..................................18

*Nelson v. Green*, 965 F. Supp. 2d 732 (W.D. Va. 2013)............................................33

*Palmer v. Ill. Farmers Ins. Co.,* 666 F.3d 1081 (8th Cir. 2012) ................................ 16

*Palmer v. Tandem Mgmt. Servs., Inc.*,
    505 N.W.2d 813 (Iowa 1993)...................................................... 19, 27

*Phelps v. Powers*, 5 F. Supp. 3d 1036 (Iowa 2013) ..................................................27

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077 (8th Cir. 1999) .........................18

*Prescott v. Wade,* Civil Action No. 4:12cv126,
    2013 WL 1352168 (E.D. Va. Apr. 2, 2013).....................................................33

*Royce v. Hoening*, 423 N.W.2d 198 (Iowa 1988) .................................. 7, 27, 30, 32

*Stew–Mc Development, Inc. v. Fischer,* 770 N.W.2d 839 (Iowa 2009) ...................18

*Thomas v. Marion Cnty*, 652 N.W.2d 183, 186 (Iowa 2002)...................................18

*Van Stelton v. Van Stelton*, 994 F. Supp. 2d 986 (N.D. Iowa 2014).........................23

*Whalen v. Connelly*, 621 N.W.2d 681 (Iowa 2000). ...........................................7, 33

*Wiles v. Capitol Indem. Corp.*, 280 F.3d 868 (8th Cir. 2002) ..................................16

*Wilson v. Hayes*, 464 N.W.2d 250 (Iowa 1990) .................................. 18, 20, 21, 29

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................16

Iowa R. Civ. P. 1.413(1)...........................................................................................12

**Treatises**

Restatement (Second) of Torts § 682................................................................ 19, 20

Restatement (Third) of Torts § 26 (2020).................................................................26

Appellate Case: 25-3390    Page: 6    Date Filed: 04/20/2026 Entry ID: 5630534

## STATEMENT OF THE ISSUES

1.      Whether under Iowa law, because Plaintiff fails to plausibly allege that the Husteds leveraged the state court litigation to get something from him or force him to do (or refrain from doing) something other than release the insurance proceeds, Plaintiff's claim for abuse of process fails to state a claim upon which relief can be granted under Iowa law.

- *Wilson v. Hayes*, 464 N.W.2d 250 (Iowa 1990).

- *Carter v. Ludwick*, 139 F.4th 982 (8th Cir. 2025).

- *Royce v. Hoening*, 423 N.W.2d 198 (Iowa 1988).

- *Jensen v. Barlas*, 438 F. Supp. 2d 988 (N.D. Iowa 2006).

2.      Whether under Iowa law Plaintiff's claimed injuries of the expense of defending against the Husteds' prior lawsuit, emotional damage, and reputational harm fail to plausibly allege special injury, warranting dismissal of his malicious prosecution claim for failure to state a claim upon which relief can be granted.

- *Foley v. Argosy Gaming Co.*, 688 N.W.2d 244 (Iowa 2004).

- *Brody v. Ruby*, 267 N.W.2d 902 (Iowa 1978).

- *Whalen v. Connelly*, 621 N.W.2d 681, 688 (Iowa 2000).

- *Wilson v. Hayes*, 464 N.W.2d 250 (Iowa 1990).

7

## I.      Factual Background.

Korynn, who is not a party to this case, is the biological daughter of Shawna and Plaintiff. Appendix ("App.") 17; R. Doc. 9-1 at 3. In May 2023, as an adult, Korynn asked Allen to adopt her, and Allen agreed—demonstrating that Plaintiff was estranged from Korynn well before the Husted Lawsuit was filed. App. 108; R. Doc 12-3 at 2.

Shortly after the adoption, Korynn's car was totaled in an accident. App. 96 ¶ 34; R. Doc. 12-2 at 5. Korynn received the car as a gift from Plaintiff in 2020. App. 94 ¶ 10; R. Doc. 12-2 at 3. Plaintiff paid cash for the car, and title was assigned by the seller to Korynn free and clear of any encumbrances. App. 94 ¶ 15; R. Doc. 12-2 at 3. Korynn did not provide Plaintiff with anything of value in exchange for the vehicle, nor did she sign a security agreement. App. 95 ¶ 19; R. Doc. 12-2 at 4.

While registering the car for Korynn, Plaintiff took a security interest in the car. App. 95 ¶ 18; R. Doc. 12-2 at 4. Plaintiff had no legal basis to take the security interest: Korynn did not sign the lien application as required by Iowa law, and Plaintiff had no financing agreement that supported his claim to be the "lienholder." App. 94 ¶¶ 10, 17; 95 ¶ 19; R. Doc. 12-2 at 3-4. Nonetheless, because of Plaintiff's security interest, when the Husteds made a claim following the car's destruction, the insurer refused to distribute the settlement proceeds to them without Plaintiff's

8

consent, even though they had paid all insurance premiums and maintenance costs while Korynn owned the car. App. 96 ¶¶ 33, 36; 97 ¶ 37; R. Doc. 12-2 at 5-6. Plaintiff refused to release the insurance settlement to the Husteds, even though the proceeds would be used to replace the car Plaintiff had given Korynn three years earlier. App. 96 ¶ 38; R. Doc. 12-2 at 6.

On July 5, 2023, the Husteds filed their Lawsuit against Plaintiff and Mark Myers, Jefferson County, Iowa, Treasurer, to recover the proceeds Plaintiff wrongfully refused to release to them.[2] App. 4 ¶ 8; R. Doc. 9 at 2. The Husteds named Myers, as Jefferson County Treasurer, because they believed Myers facilitated Plaintiff's improper notation of the security interest in the vehicle. App. 92, 96 ¶ 32; R. Doc. 12-2 at 5. The petition asserted claims for failure to perfect security interest, fraud, civil conspiracy, and unjust enrichment. App. 97-100; R. Doc. 12-2 at 6-9.

Like Plaintiff's and Shawna's marriage, the Husted Lawsuit was contentious. Myers filed a pre-answer motion to dismiss the Lawsuit for failure to state a claim. App. 34; R. Doc. 12-1 at 7. The court denied the motion as to all claims except the claim for civil conspiracy. App. 33-34; R. Doc. 12-1 at 7-8. The court specifically found that the claim for "failure to perfect security interest" under Iowa Code § 321.50 stated a legally cognizable claim. App. 34; R. Doc. 12-1 at 8.

---

[2] Myers is not a party to this lawsuit.

Appellate Case: 25-3390   Page: 9   Date Filed: 04/20/2026 Entry ID: 5630534

For his part, rather than seek resolution of the Lawsuit—by, for instance, releasing the insurance settlement to Korynn—Plaintiff filed counterclaims against the Husteds and Korynn. *See* App. 35; R. Doc. 12-1 at 8; App. 47, 65; 12-1 at 20; R. Doc. 15 at 4. Against Korynn, Plaintiff sought damages for breach of contract/conditional give, unjust enrichment, and defamation. App. 35; R. Doc. 12-1 at 8. Plaintiff requested that punitive damages be assessed against the Husteds and Korynn. *Id.*

After more than a year of contention during which Plaintiff filed a motion to compel and a motion for sanctions against the Husteds, the Husteds decided to let Plaintiff keep the insurance proceeds and dismissed their claims without prejudice. App. 35; R. Doc. 12-1 at 8; App. 33; R. Doc. 12-1 at 6. They also withdrew their resistance to Plaintiff's pending motion for sanctions, which sought default judgment in Plaintiff's favor due to the Husteds' purported discovery abuse. App. 33; R. Doc. 12-1 at 6. Plaintiff withdrew his pending request for punitive damages. App. 35-36; R. Doc. 12-1 at 8-9.

On September 16, 2024, the state court granted Plaintiff's motions for summary judgment and sanctions. App. 36; R. Doc. 12-1 at 9. Judgment in Plaintiff's favor was "established by default." *Id.* Plaintiff was awarded $1 on his counterclaim for defamation against Korynn. *Id.* The state court granted Plaintiff's subsequent request for pre- and post-judgment interest, App. 35-36, R. Doc. 12-1 at 9-10, but

10

denied his request for fees, finding that "assessment of Dickey's attorney's fees against Plaintiffs would be unjust." App. 37; R. Doc. 12-1 at 10. The court noted the "long-standing, convoluted, [and] emotional … nature of" the Husted Lawsuit. *Id.* But nothing in the court's Ruling and Order suggested the Husted Lawsuit was frivolous or filed for an improper purpose. App. 36; R. Doc. 12-1 at 9.

Plaintiff did not appeal any of the state court's rulings. Nor did he seek sanctions against the Husteds or their counsel pursuant to Iowa Rule of Civil Procedure 1.413 for filing a frivolous lawsuit. *See* Iowa R. Civ. P. 1.413(1) (requiring that any "motion, pleading, or other paper" be "well grounded in fact and [] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose"). Instead, Plaintiff made demand upon the Husteds for reimbursement of the fees and expenses he incurred defending the Husted Lawsuit. App. 34; R. Doc. 12-1 at 7. The Husteds refused. *Id.*

## II.    Procedural History.

On June 12, 2025, Plaintiff commenced this federal case, asserting meritless causes of action for abuse of process and malicious prosecution against the Husteds.[3] App. 3-14; R. Doc. 9 at 1-12. The stated purpose of this lawsuit is to attempt to

---

[3] Appellant did not name Korynn as a defendant in this lawsuit despite her active participation on the Husted Lawsuit.

11

Appellate Case: 25-3390     Page: 11     Date Filed: 04/20/2026 Entry ID: 5630534

recover the fees and expenses Plaintiff incurred to defend the Husted Lawsuit—fees and expenses incurred solely because Plaintiff refused to release the insurance settlement so Korynn could replace the car he had gifted her just three years earlier. App. 11 ¶ 42, 13; R. Doc. 9 at 9, 11.

The First Amended Complaint ("FAC")[4] "ask[s] a jury to hold the Husteds accountable for the cost of their baseless former suit and other related actions, which they prompted and initiated despite knowing falsity and for non-meritorious and improper purposes." App. 3 ¶ 18; R. Doc. 9 at 1. In attempted support, Plaintiff alleges that the Husteds' primary purpose in pursuing the Husted Lawsuit was not to prevail on the merits (*i.e.*, to recover the insurance settlement proceeds to replace Korynn's car) but to "harass[,]" "publicly discredit and embarrass him," "cause him to incur significant fees," "divert[]" time from his duties as a state senator, "spread false and misleading information about" him, "tarnish" his reputation, damage his relationship with Korynn, and otherwise cause him emotional harm. App. 5 ¶ 23; R. Doc. 9 at 3.

These contentions hinge on a text message thread produced in discovery in the Husted Lawsuit in which Shawna, Korynn, and Plaintiff discuss his purchase of the car for Korynn. In one message in the thread, Plaintiff texted, "I will be the

---

[4] After the Husteds moved to dismiss the original Complaint, *see* App. 3; R. Doc. 9, Appellant filed the FAC, which is the operative complaint in this appeal.

12

lienholder," and now claims that this statement conclusively establishes that the Husteds "knew" their "core allegation was false." App. 4 ¶ 20; R. Doc. 9 at 2. However, Plaintiff has not alleged, and there is no evidence demonstrating, that Korynn or Shawna understood that being the "lienholder" meant that Plaintiff could withhold from Korynn insurance proceeds for repair or replacement of her car. More significantly, even if they knew before filing the Husted Lawsuit that Plaintiff held a lien on Korynn's car, that knowledge has no bearing on the merits of their claim that Plaintiff had no legal basis to be the lienholder. *See* App. 97 ¶ 37; R. Doc. 12-2 at 7 (alleging that Plaintiff's security interest was illegal).

Plaintiff also rests his claims on the Husteds' alleged discovery abuses in the Husted Lawsuit, alleging that the Husteds "conspired to delete evidence," refused to cooperate in discovery, "conspired to bribe Korynn[,]" and coached her "in advance of her deposition[.]" Appellant's Brief at 11-13. According to Plaintiff, this conduct combined the Husteds' knowledge of Plaintiff's lien, shows that they "improperly used or sought to use legal process" against him. App. 11 ¶ 38; R. Doc. 9 at 9.

Plaintiff further attempts to support his claims by alleging that the Husteds' actions "impacted his re-election campaign and ability to work with other legislators." Appellant's Brief at 31. This conclusory allegation is not supported by any well-pleaded *facts* establishing, or even tending to show, that Plaintiff's re-election or ability to work with other legislators was at all impaired by the Lawsuit.

13

In any event, Plaintiff was re-elected. App. 3 ¶ 1; R. Doc. 9 at 1 ("Dickey is an Iowa State Senator").

Plaintiff emphasizes that the Husteds' filed an ethics complaint and sought to "bring about an investigation" into his conduct, but fails to mention that no investigation, criminal or otherwise, was ever opened against him. App. 3-15; R. Doc. 9 at 1-12.

Similarly, Plaintiff alleges that the Husted Lawsuit caused him "special injuries[,]" but he identifies no injury that is comparable to being arrested or having his property seized. App. 77; R. Doc. 25 at 10. The injuries Plaintiff alleges are all injuries that any defendant in any similar lawsuit would suffer—expense, embarrassment, emotional distress, and damage to his relationship with Korynn. App. 77-79; R. Doc. 25 at 11-13.

Plaintiff's allegations of improper purpose and injury boil down to two categories, both of which are insufficient to survive a motion to dismiss: reputational harm and the traditional consequences of litigation. *See* App. 7-12, ¶¶ 23-42; R. Doc. 9 at 5-10; App. 68-81; R. Doc. 25 at 1-14. Thus, on October 29, 2025, the district court entered an Order granting the Husteds' motion to dismiss the FAC. App. 82; R. Doc. 26. The court held that neither of Plaintiff's claims stated a cognizable claim for relief. App. 81, R. Doc. 25 at 14. Specifically, the court held that Plaintiff's "abuse of process claim is about the filing of the lawsuit, not an act outside the

14

Appellate Case: 25-3390    Page: 14    Date Filed: 04/20/2026 Entry ID: 5630534

regular prosecution designed to obtain a collateral benefit," and thus is defeated by the FAC's own allegations. App. 74; R. Doc. 25 at 7. The court further held that Plaintiff failed to allege any special injury, a fatal defect in his malicious prosecution claim. App. 78; R. Doc. 25 at 11 ("Dickey's allegations fails to demonstrate … 'unusual hardship[,]'" as required to state a cognizable claim for malicious prosecution). Judgment in favor of the Husteds against Plaintiff was entered the next day.

Plaintiff timely appealed.

## SUMMARY OF THE ARGUMENT

The district court correctly dismissed the FAC for failure to state a claim upon which relief can be granted. Viewing the facts in the light most favorable to Plaintiff, the district court properly concluded that Plaintiff failed to plausibly allege that the Husteds used legal process primarily for an improper purpose, a fatal pleading defect requiring dismissal of Plaintiff's abuse of process claim. Contrary to Plaintiff's argument, the district court did not require Plaintiff to allege extortion. Rather, the district court only required Plaintiff to allege that the Husteds used the Husted Lawsuit to attempt to require Plaintiff to pay a debt or to do or refrain from doing something he would not otherwise be required to pay, do, or refrain from doing pursuant to the relief requested in the Lawsuit.

15

The district court also properly concluded that Plaintiff failed to state a claim for relief for malicious prosecution because he failed to plausibly allege a special injury. Instead, Plaintiff alleged only injuries that are usually suffered by litigants, such as inconvenience, emotional distress, and financial damage.

Finally, the Husteds argue that Plaintiff failed to plausibly allege that the Husted Lawsuit lacked probable cause.

The district court judgment should be affirmed.

### ARGUMENT

## I. STANDARD OF REVIEW.

This Court reviews *de novo* the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.,* 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed. R. Civ. P. 12(b)(6). However, courts are not bound to accept as true legal conclusions mislabeled as factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (the court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). After eliminating the conclusory allegations, the allegations must be "sufficient 'to raise a right to relief above the speculative level.'"

16

*McDonough v. Anoka County*, 799 F.3d 931, 946 (8th Cir. 2015) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Facial plausibility requires more than possibility; it requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation and quotation marks omitted). A complaint "stops short of the line between possibility and plausibility of entitlement to relief" when it pleads facts merely "consistent with a defendant's liability." *Id.* (citation modified). "A plaintiff satisfies the facial plausibility standard by pleading sufficient factual content to allow the court to draw a reasonable inference that the defendant may be liable for the alleged misconduct." *Du Bois v. Bd. of Regents of Univ. of Minn.*, 987 F.3d 1199, 1202 (8th Cir. 2021). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 550 U.S. at 678-79.

In ruling on a motion to dismiss, courts may consider "[d]ocuments necessarily embraced by" the complaint, including documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Ashanti v. City of Golden Valley*, 666 F.3d

17

Appellate Case: 25-3390     Page: 17     Date Filed: 04/20/2026 Entry ID: 5630534

1148, 1151 (8th Cir. 2012) (citation modified); *see also Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (the court may consider matters of public record, orders, items in the case record, and exhibits attached to the complaint). Because the FAC is premised on and necessarily embraces the Husted Lawsuit, the district court was permitted to review documents from the Jefferson County court file, and in turn, this Court may also consider the state court file in this appeal.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS BECAUSE THE FIRST AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE THE HUSTEDS USED THE STATE COURT LITIGATION *PRIMARILY* TO COMPEL PLAINTIFF DO OR REFRAIN FROM DOING SOMETHING OR TO PAY A DEBT OTHER THAN RELEASING THE INSURANCE PROCEEDS.

To state a claim for abuse of process under Iowa law, a plaintiff must plausibly allege: "(1) use of a legal process; (2) in an improper or unauthorized manner; and (3) that damages were sustained as a result of the abuse." *Stew–Mc Development, Inc. v. Fischer,* 770 N.W.2d 839, 849 (Iowa 2009); *DreamTeam Dev., LLC v. Irlbeck*, Case No. 4:23-cv-00209-SMR-SBJ, 2023 WL 8522982, at *5 (S.D. Iowa Nov. 3, 2023) (citing *Mills Cnty. State Bank v. Roure*, 291 N.W.2d 1, 4 (Iowa 1980)) ("Abuse of process is a common law tort where a person uses a legal process to accomplish an improper purpose."). Critically, the improper or unauthorized use of the legal process must be "*primarily* for an impermissible or illegal motive." *Wilson v. Hayes*, 464 N.W.2d 250, 267 (Iowa 1990) (emphasis original). "Abuse of process claims routinely fail under [this] high burden[.]" *Thomas v. Marion Cnty*, 652 N.W.2d 183,

18

186 (Iowa 2002); *see Palmer v. Tandem Mgmt. Servs., Inc.*, 505 N.W.2d 813, 817

(Iowa 1993) ("A very restrictive view is taken of this element.").

Like many of its sister courts, in defining "primarily," the Iowa Supreme Court

adopted Comment b to section 682 of the Restatement (Second) of Torts:

> "Primarily." The significance of this word is that ***there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant***. Thus the entirely justified prosecution of another on a criminal charge, does not become abuse of process merely because the instigator dislikes the accused and enjoys doing him harm; nor does the instigation of justified bankruptcy proceedings become abuse of process merely because the instigator hopes to derive benefit from the closing down of the business of a competitor.
>
> For abuse of process to occur there must be use of the process for an ***immediate*** purpose other than that for which it was designed and intended. The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.

*Pundzak, Inc. v. Cook*, 500 N.W.2d 424, 429–30 (Iowa 1993) (quoting Restatement

(Second) of Torts § 682, cmt. b) (emphasis added). "Simply put, the improper

purpose relates to an extortion or coercion attempt by one person to do some other

thing[]" not related to the relief sought through legal process. *Id.* For instance, a

plaintiff might file a lawsuit "to put pressure upon the [defendant] to compel him to

pay a different debt or to take [or refrain from taking] some other action" besides

what is demanded in the complaint. *Grell v. Poulsen*, 389 N.W.2d 661, 663 (Iowa

19

1986) (quoting Restatement (Second) of Torts § 682). The narrow scope of abuse of process claims serves to protect the right of ready access to courts. *Wilson*, 464 N.W.2d at 267.

The Husteds do not dispute that the Husted Lawsuit constituted use of a legal process. They dispute that communications with the Iowa DOT and other government officials constitute use of a legal process because no legal action was taken following those communications. *See, e.g., Linn v. Montgomery*, 903 N.W.2d 337, 345 (Iowa 2017) ("Merely furnishing information to the authorities does not instigate or procure a criminal prosecution."). The district court did not hold to the contrary, and Plaintiff does not argue that it should have. Rather, Plaintiff's appeal focuses on the second element of an abuse of process claim. As explained below, the district court correctly concluded that even if the Husteds hoped to cause Plaintiff emotional and financial damage by prosecuting the Husted Lawsuit, because the purpose of the Lawsuit—to recover the insurance settlement for Korynn—was a proper use of the legal system, there was no abuse of process. App. 73; R. Doc. 25 at 6.

A.   **The district court properly held that Plaintiff's abuse of process claim does not plausibly allege that the Husteds used legal process primarily for an improper purpose.**

Contrary to Plaintiff's argument (*see* Appellant's Brief at 18-21), the district court did not apply a "heightened" pleading standard to his abuse of process claim.

Appellate Case: 25-3390     Page: 20     Date Filed: 04/20/2026 Entry ID: 5630534

The district court applied only the pleading standard in Rule 8 and as articulated in *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 556. *See* App. 69-71; R. Doc. 25 at 2-4. In dismissing the claim, the district court plainly—and only—held that Plaintiff "does not allege that the Husteds used legal process to secure any benefit beyond the insurance proceeds from the vehicle." App. 73; R. Doc. 25 at 6. Nothing in the court's opinion required Plaintiff to do more than allege "factual content that allows the court to draw the reasonable inference that the [Husteds] are liable for the misconduct alleged." *McDonough*, 799 F.3d at 946. It is immaterial that the Husteds might have wished Plaintiff harm or attempted to turn public sentiment against him during the course of the Husted Lawsuit. *See Wilson*, 464 N.W.2d at 267 ("there is no abuse of process when the action is filed to intimidate and embarrass a defendant knowing there is no entitlement to recover the full amount of damages," or when there is "an incidental motive of spite or an ulterior purpose"). The Husteds' *primary* purpose in prosecuting the Lawsuit was to recover the insurance proceeds to replace Korynn's car—a proper use of legal process. App. 73; R. Doc. 25 at 6.

Plaintiff seems to misunderstand the district court's reliance on cases that reference the "high burden" needed to plausibly allege—and to prevail on—an abuse of process claim. The cited cases do not stand for the proposition that an abuse-of-process plaintiff's *pleading* burden is higher. Rather, they reveal the significant hurdle plaintiffs face in attempting to allege a primary purpose for use of legal process that

21

Appellate Case: 25-3390     Page: 21     Date Filed: 04/20/2026 Entry ID: 5630534

is improper, *i.e.*, "a purpose for which it was not designed." *Tandem Mgmt. Servs.*, 505 N.W.2d at 817. The hurdle is significant because as long as legal process is used for a goal for which it was designed, incidental effects such as financial and reputational harm fail to establish abuse of the process. *Carter v. Ludwick*, 139 F.4th 982, 993-994 (8th Cir. 2025) (incidental motive of spite or ulterior purpose of benefit to the defendant is not an abuse of process).

Plaintiff's misunderstanding of his pleading burden extends into his defense of the FAC's allegations. Plaintiff contends that the purpose of the Husted Lawsuit "was to primarily to [sic] harass, discredit, distract, and disparage Adrian, cause Adrian to incur unnecessary, significant fees, and otherwise fulfill the Husteds' ulterior motives[.]" Appellant's Brief at 21. Nowhere, however, does Plaintiff allege that recovery of the insurance proceeds was not the purpose of the Husted Lawsuit. This is fatal to his claim because his other allegations "highlight only the motives the Husteds had for filing the lawsuit, not that they sought to obtain some additional collateral advantage." App. 73-74; R. Doc. 25 at 6-7 (citing *Tandem Mgmt. Servs., Inc.*, 505 N.W.2d at 817). Like the plaintiff in *AT&T Corp. v. Aventure Communication Technology, LLC*, Plaintiff's abuse of process claim does nothing more than challenge the sufficiency of the Husteds' claims in the state court Lawsuit, which is insufficient to survive a motion to dismiss. 207 F. Supp. 3d 962, 1032 (S.D. Iowa 2016).

22

Plaintiff suggests that he adequately alleged that the Husteds did "more than carry the [legal] process to its authorized conclusion" because he alleged that the Husteds sought to "harass, discredit, distract, and disparage" him, and that they caused him to "incur unnecessary, significant fees." Appellant's Brief at 19-20. This, too, exposes Plaintiff's misunderstanding of the pleading standard. An allegation that a plaintiff engaged in bad conduct in prosecuting a lawsuit is not sufficient to plausibly allege that the plaintiff's *primary* purpose was something other than stated goal of the lawsuit—here, to recover the insurance settlement for Korynn. *See Van Stelton v. Van Stelton*, 994 F. Supp. 2d 986, 993 (N.D. Iowa 2014) ("proof of an ulterior motive for plaintiff's suit, standing alone, is not enough); *Carter*, 139 F.4th at 994 ("[A]s long as the act that is alleged to be improper, is in fact proper in the regulator prosecution of the proceeding, a plaintiff may not pursue an abuse of process claim under Iowa law.") (citation modified). The FAC contains no allegation that the Husteds "committed some act in the use of process that was not proper in the regular prosecution of the proceeding." *Tandem Mgmt. Servs., Inc.*, 505 N.W.2d at 817.

Plaintiff contends the mere filing of a meritless lawsuit "is an act outside the proper goals of litigation" and therefore constitutes the requisite "improper purpose" for an abuse of process claim. Appellant's Brief at 24-25. Plaintiff is wrong. Iowa courts have expressly held that filing a meritless claim is not abuse of process if the

23

claims are filed to achieve a proper purpose of litigation. *See, e.g.*, *Johnson v. Farm Bureau Mut. Ins. Co.*, 533 N.W.2d 203, 209 (Iowa 1995) (filing meritless claim "to gain leverage for a settlement in a breach of contract claim does not advance [Farm Bureau's] claim for abuse of process[] [because] [s]ettlement is included in the 'goals of proper process,' even though the suit is frivolous") (internal citation omitted).

Plaintiff attempts to defeat this settled law by citing *Int'l Motor Contest Ass'n, Inc. v. Staley*, 434 F. Supp. 2d 650, 677 (N.D. Iowa 2006). But *Staley* predates *Iqbal* and *Twombly* and therefore did not require the plaintiff to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *see Twombly*, 550 U.S. at 556 ("stating a claim requires a complaint with enough factual matter (taken as true) to suggest" that defendant is liable for the alleged misconduct). Instead, at that time, courts could grant motions to dismiss "only if it [was] clear that no relief could be granted under any set of fact that could be proved consistent with the allegations." *Handeen v. Lemaire*, 112 F.3d 1139, 1347 (8th Cir. 1997). The plaintiff's conclusory allegations of improper purposes were therefore sufficient in *Staley*. 434 F. Supp. 2d at 677. Such allegations would not be sufficient today.

Further, unlike Plaintiff here, the plaintiff in *Staley* alleged a primary purpose for the lawsuit that was not properly includable in the goals of legal process: "to

24

extort a business advantage from the defendants or harm their business." *Id.* at 677 (internal citation and quotation omitted). The plaintiff's allegations in *Staley* did "more than simply allege that IMCA had an 'ulterior motive' for its suit; they … alleged that the process [was] being used for the immediate purpose of harming competitors." *Id.* Here, Plaintiff does not—because he cannot—allege that there was any purpose, let alone a primary purpose, to the Husted Lawsuit that was fell outside the proper goals of legal process and *was not incidental* to the Husteds request for relief. *See DreamTeam Dev., LLC*, 2023 WL 8522982, at *6 (intent to cause financial and emotional distress not sufficient to establish abuse of process); *Jensen*, 438 F. Supp. 2d at 1003 (harassment and humiliation insufficient as a matter of law to sustain abuse of process claim); *Froning & Deppe, Inc. v. S. Story Bank & Tr. Co.*, 327 N.W.2d 214, 215-16 (Iowa 1982) (lawsuit commenced to intimidate and embarrass defendant, or with ulterior motive, not sufficient to establish abuse of process); App. 75; R. Doc. 25 at 8 (rejecting argument that publicizing complaint constitutes an improper purpose) (citations omitted).

Finally, Plaintiff's claim that "[t]he use of the discovery process can be an abuse of process" fails because the discovery process is by definition a proper use of legal process. In any event, Plaintiff provides no support for his contention, and the Husteds have found none. To the contrary, the Restatement (Third) of Torts concludes that "misconduct[] not involving misuse of process" such as "[a]busive

25

Appellate Case: 25-3390     Page: 25     Date Filed: 04/20/2026 Entry ID: 5630534

discovery requests" does not constitute abuse of process. Restatement (Third) of Torts § 26 (2020); *see also Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 907 (E.D. Cal. 2006) (dismissing abuse of process claim because plaintiff's allegations "[a]t most" suggested "a violation of civil discovery rules[,]" which "on its own, does not constitute an abuse of process").

By invoking legal process, the Husteds did "no more than" attempt to recover the insurance settlement to replace Korynn's car. Their failure to cooperate in discovery, reporting the lawsuit to media outlets, urging the Iowa DOT to investigate Plaintiff, and otherwise revealing that they do not like Plaintiff are insufficient as a matter of law to establish a primary purpose other than to recover what they believed Korynn was entitled to recover—the insurance proceeds.

The district court properly held that Plaintiff failed to plausibly allege the second element of an abuse of process claim.

### B. The district court did not require Plaintiff to plead extortion.

Also contrary to Plaintiff's contention, the district court clearly did not require him to plead extortion: "Although ***extortion is not required***, the usual abuse of process claim features similar conduct in which a party attempts to secure some collateral advantage not properly included in the process itself." App. 73; R. Doc. 25 at 6 (emphasis added). Plaintiff's argument that the district court "searched for" allegations that are not required again misunderstands the standard for abuse of

26

process. The claim requires Plaintiff to plausibly allege that the Husteds did something other than simply behave badly during the litigation they initiated. It requires Plaintiff to plausibly allege that the Husted leveraged the litigation to get something from him, or force him to do something, that they could not get from him or force him to do through the litigation itself. *See Phelps v. Powers*, 5 F. Supp. 3d 1036, 1041-1042 (Iowa 2013) ("To satisfy this element, the plaintiff must typically show that the defendant instituted legal proceeding to obtain some advantage collateral to the allegedly abusive process" and to "put pressure upon the other to compel him to pay a different debt") (citation modified) *Royce v. Hoening,* 423 N.W.2d 198, 202 (Iowa 1988) ("The essence of the tort is an attempt by one litigant to 'extort' from another, by some unlawful means, a collateral advantage not properly included in the legal process itself."). The FAC does not meet this burden:

> Dickey does not present a typical abuse of process claim because he does not allege that the Husteds used the process to pressure him to pay a different debt or take some other action. *Int'l Motor Context Ass'n, Inc. v. Staley*, 434 F. Supp. 2d 650, 676 (N.D. Iowa 2006)[.] …

> Dickey does not allege that the Husteds used legal process to secure any benefit beyond the insurance proceeds from the vehicle. Rather, his allegations highlight only the motives the Husteds had for filing the lawsuit, not that they sought to obtain some additional collateral advantage. *Palmer*, 505 N.W.2d at 817. … Put simply, Dickey has not identified anything the claims were intended to extort from him that fell outside "the proper goals of the litigation." *Jensen v. Barlas*, 438 F. Supp. 2d 988, 1003 (N.D. Iowa 2006).

> Further, Dickey does not allege that the Husteds committed an act improper "in the regular prosecution of the proceeding" or took any

27

Appellate Case: 25-3390    Page: 27    Date Filed: 04/20/2026 Entry ID: 5630534

"specific action in connection with their use of process which can be characterized as unlawful or irregular." *Grell*, 389 N.W.2d at 644.

App. 73-74; R. Doc. 25 at 6-7.

Plaintiff further contends that he pleaded "a form of extortion" because he pleaded that the Husteds "knew they were not entitled to recover the insurance proceeds for the vehicle but sought to use the legal process to obtain the money anyway." Appellant's Brief at 24. Again, Plaintiff is wrong.

First, Plaintiff confuses the Husteds' purported knowledge of his status as lienholder with their belief that Plaintiff was not entitled to hold and should release the lien on Korynn's car. The latter, not the former, was the basis for the Lawsuit. *See* App. 95-97; R. Doc. 12-1 at 5-7. Even if Plaintiff is correct that the Husteds knew he was the lienholder, that knowledge is irrelevant to whether Plaintiff had a legal basis for taking a security interest in the car and wrongfully preventing Korynn from receiving the insurance settlement proceeds when the car was totaled.

Second, and more significantly, no reasonable jury could find that the Husted Lawsuit constituted extortion for purposes of abuse of process because "[i]t is not enough of an improper purpose that the plaintiff knows 'there is no entitlement to recover the full amount of damages sought.'" *DreamTeam Dev. LLC*, 2023 WL 8522982, at \*6 (quoting *Tandem Mgmt. Servs., Inc.*, 505 N.W.2d at 817). Put another way, contrary to Plaintiff's belief, filing a meritless lawsuit without more does not constitute abuse of process. *Johnson*, 533 N.W.2d at 209 (frivolous bad faith lawsuit,

28

filed to leverage settlement, was not an improper purpose for purposes of abuse of process claim); *Wilson*, 464 N.W.2d at 267 ("Settlement is included in the goals of proper process, even though the suit is frivolous."); *DreamTeam Dev., LLC*, 2023 WL 8522982, at *6 ("Boyle's allegation, as quoted in his resistance, essentially maintains that Plaintiffs' claims are without merit. That is not enough.").

The district court properly held that Plaintiff failed to plausibly allege that the Husteds used legal process primarily for a purpose for which it was not intended.

### III. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR MALICIOUS PROSECUTION BECAUSE THE PLAINTIFF FAILS TO PLAUSIBLY ALLEGE SPECIAL INJURY. IN ADDITION, THE HUSTEDS HAD PROBABLE CAUSE TO FILE THEIR LAWSUIT.

To state a claim for malicious prosecution under Iowa law, a plaintiff must plausibly allege:

> (1) a previous prosecution; (2) instigation of that prosecution by the defendant; (3) termination of that prosecution by acquittal or discharge of the plaintiff; (4) want of probable cause; (5) malice on the part of the defendant for bringing the prosecution; and (6) damage to the plaintiff.

*Wilson*, 464 N.W.2d at 259. The primary purpose of this cause of action "is to provide relief in those cases in which a plaintiff brings a meritless suit and has an improper motive for bringing it." *Id.* "Courts have not favored the remedy and so have construed its requirements strictly against the malicious prosecution plaintiff." *Id.*

The damages element cannot be established "unless there has been either an arrest, seizure of property, or a special injury sustained which would not necessarily

29

result in all suits prosecuted to recover for like causes of action." *Foley v. Argosy Gaming Co.*, 688 N.W.2d at 246 (internal citation and quotation marks omitted); *Royce*, 423 N.W.2d at 201. "As early as 1884, [Iowa] established the special injury requirement to insure that the courts are open and free to all who have grievances …, and there should be no restraint … through fear of liability resulting from failure of his action, which would keep him from the courts." *Royce*, 423 N.W.2d at 201 (citation modified). The rule distinguishes between the ordinary trouble and expense of litigation and the "unusual hardship arising from arrest … or other special circumstances." *Id.*

### A. The district court properly held that Plaintiff failed to plausibly allege special injury.

Contrary to Plaintiff's contentions, the district court properly concluded that his alleged injuries do not constitute "special" injuries for purposes of a malicious prosecution claim. App. 81; R. Doc. 25 at 14.

Plaintiff claims the Husted Lawsuit "diverted him away from his constituents" during his reelection campaign, "required" him to campaign while an active lawsuit was pending against him, damaged his relationship with Korynn, damaged his reputation, and caused him to spend "in excess of $100,000." Appellant's Brief at 29-30; App. 7, 9; R. Doc. 9 at 5, 9.

Plaintiff further claims that the Husteds "communicated with media outlets and referred them to the suit for purposes of disseminating their allegations, so that

30

Plaintiff would suffer embarrassment and harassment by the press and among local constituents, and to hamper his campaign efforts"; urged democratic senators and the Iowa DOT to investigate Plaintiff; attempted to create an "atmosphere of mistrust" towards him during his reelection campaign; and communicated with people on Facebook and media outlets to tarnish his reputation. Appellant's Brief at 29; App. 7-8; R. Doc. 9 at 5-6.

Although Plaintiff argues that the district court ignored his "allegations that the Husteds impacted his re-election campaign and ability to work with other legislators[,]" Appellant's Brief at 31, the FAC contains no factual allegations demonstrating such impact. Indeed, Plaintiff was reelected, despite the Husted Lawsuit. App. 3; R. Doc. 9 at 1. And there is simply no indication that any action on the Husteds' part affected Plaintiff's ability to work with other legislators.[5]

Similarly, Plaintiff argues that the district court "failed to credit" his "allegations of reputational harm and harm to his relationship with his daughter." *Id.* But the FAC contains no factual allegations supporting the conclusory assertion that Plaintiff's reputation was harmed. And it is obvious that Plaintiff's relationship with Korynn was damaged long before the Husted Lawsuit was filed. *See, e.g.*, App. 108;

---

[5] The FAC offers no well-pleaded facts that support Plaintiff's conclusory allegation that his ability to work with other legislators was affected by the Husted Lawsuit.

31

R. Doc 12-3 at 2 (adoption decree); App. 36; R. Doc. 12-1 at 9 (noting "convoluted" and "emotional" nature of the underlying litigation).

Plaintiff's well-pleaded alleged injuries amount to nothing more than the "ordinary trouble and expense which regularly attend litigation[.]" App. 78; R. Doc. 25 at 11. They do not come close to the "unusual hardship arising from arrest, seizure of property or other special circumstances" constituting "special" injuries. *Id.*; R. Doc. 25 at 11 (quoting *Jensen*, 438 F. Supp. 2d at 998). Most are a form of reputational and emotional harm, which Iowa courts are clear do not rise to the level of special injuries. *See Royce*, 423 N.W.2d at 201 ("claims of reputational harm, humiliation, anxiety, inconvenience and expenses demonstrate no greater hardship than that suffered by any litigant in similar proceedings"); *Foley*, 688 N.W.2d at 248 (holding that stress does not constitute a special injury for malicious prosecution claim under Iowa law); *Brody v. Ruby*, 267 N.W.2d 902, 905 (Iowa 1978) (finding there was no "special injury" for the doctor's mental distress and professional reputational harm arising from malpractice lawsuit where such injuries would accompany most professional malpractice claims); *Alfs v. Alfs*, 66 N.W.2d 121, 127 (Iowa 1954) (holding that great mental pain, shame, anguish and distress" did not qualify as special injuries); *Jensen*, 438 F. Supp. 2d at 1000 (stress and anxiety do not constitute special injuries); *Bickel v. Mackie*, 447 F. Supp. 1376, 1380 (N.D. Iowa 1978) ("Iowa does not recognize reputational harm as a basis for

32

a malicious prosecution action."); *see also Prescott v. Wade,* Civil Action No. 4:12cv126, 2013 WL 1352168, at \*15 (E.D. Va. 2013) (dismissing malicious prosecution claim where complaint stated the plaintiffs "lost their reputations, opportunities for career advancement, and significant money defending themselves against the [local child protective services department's] neglect investigation"). Plaintiff's remaining injury is financial, which also fails to constitute a special injury. *Foley*, 688 N.W.2d at 248 (costs to defend against lawsuits are "simply part and parcel of the ordinary trouble and expense of litigation" and are not special injuries); *Whalen v. Connelly*, 621 N.W.2d at 688 (rejecting argument that litigation costs in excess of one million dollars to defend intentionally meritless lawsuit should be considered a special injury); *Hanson v. Hancock County Memorial Hospital*, 938 F. Supp. 1419, 1449 (N.D. Iowa 1996) ("expense of pursuing administrative proceedings and appeals and loss of the confidentiality she demanded" were not special injuries).

Even if it were not clear that Plaintiff's relationship with Korynn was damaged long before the Husted Lawsuit was filed, this injury also fails to support a claim for malicious prosecution. Damage to a personal relationship, like reputational harm generally, is not a special injury. *See, e.g.*, *Nelson v. Green*, 965 F. Supp. 2d 732, 752 (W.D. Va. 2013) (holding that there was no special injury for malicious prosecution claim where plaintiff alleged that the defendants' sexual assault investigation

33

deprived him of over four years of his daughter's life, which continued to have an impact on his relationship with her).

The district court properly held that Plaintiff failed to state a claim for malicious prosecution because he failed to plausibly allege a special injury.

**B. Plaintiff failed to plausibly allege that the Husted Lawsuit lacked probable cause.**

Plaintiff further contends that the FAC plausibly alleged all other elements of a malicious prosecution claim. Appellant's Brief at 27-28. In particular, Plaintiff reiterates that because the Husteds knew that Plaintiff would be the "lienholder," they knew they could not prevail on their claims. *Id.* at 28. But the basis for the Husteds' allegations in the Husted Lawsuit was not that they were unaware that he said he would be the "lienholder." Rather, the Husteds alleged that Plaintiff "was not legally entitled to take a security interest in Korynn's" car and that he obtained the security interest by means of fraud. App. 97-98 ¶¶ 40, 49.

While Plaintiff states that "failure to perfect security interest" is "not a theory that Iowa recognizes[,]" Appellant's Brief at 9, he offers no support for this contention, which is undermined by the state court's conclusion that the Husteds stated a claim for failure to perfect security interest in their original petition. *See* App. 34; R. Doc. 12-1 at 8.

Appellate Case: 25-3390    Page: 34    Date Filed: 04/20/2026 Entry ID: 5630534

## CONCLUSION

The Husteds and their daughter Korynn filed a lawsuit against Plaintiff for the proper and legitimate purpose of recovering the insurance proceeds to replace the car Korynn received as a *gift* from Plaintiff. Korynn owed Plaintiff nothing for the car. It was titled solely in Korynn's name, and Shawna and/or Korynn paid all insurance premiums and maintenance costs for the life of the car. Yet, Plaintiff claimed he was the "lienholder" and on that basis refused to release the insurance proceeds to Korynn so she could replace the car he had given her.

In retaliation for the Husteds supporting Korynn and standing up for her, Plaintiff filed this baseless lawsuit to further embroil the Husteds in litigation and force them to spend yet more money on unnecessary conflict with Plaintiff. The district court properly held that Plaintiff failed to state claims for abuse of process and malicious prosecution and dismissed his First Amended Complaint. The district court's judgment should be affirmed.

35

Appellate Case: 25-3390     Page: 35     Date Filed: 04/20/2026 Entry ID: 5630534

Respectfully submitted,

ELLIS & WINTERS LLP

By: _____ */s/ Siobhan Briley* _____
Siobhan Briley
Brittany Levine
Ellis & Winters, LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
Telephone: (919) 865-7000
siobhan.briley@elliswinters.com
brittany.levine@elliswinters.com
*Attorneys for Defendants-Appellees Shawna*
*and Allen Husted*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF suers and that service will be accomplished by the CM/ECF system.

_____ */s/ Siobhan Briley* _____

36

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 7,494 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared using a proportionally spaced typeface using Times New Roman in 14-point type.

This brief complies with Eighth Circuit Local Rule 28A(h) because it is being submitted in a single document file, the brief and addendum have been scanned for viruses, the brief and addendum are virus-free, and the electronic version of the brief was generated by printing to PDF from the original word processing file so that the text of the electronic version of the addendum may be searched and copied.

*/s/ Siobhan Briley*

37

Appellate Case: 25-3390    Page: 37    Date Filed: 04/20/2026 Entry ID: 5630534