No. 25-3390

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

ADRIAN DICKEY,
Plaintiff-Appellant,

vs.

SHAWNA HUSTED and ALLEN HUSTED,
Defendants-Appellees.

On Appeal from the
United States District Court for the Southern District of Iowa
Central Division, Case No. 4:25-cv-00200-SMR-WPK
Honorable Stephanie M. Rose, United States District Judge

## REPLY BRIEF OF PLAINTIFF-APPELLANT ADRIAN DICKEY

Abram V. Carls
Samuel J. Gray
Simmons Perrine PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
acarls@sp.law
sgray@sp.law

ATTORNEYS FOR PLAINTIFF-
APPELLANT ADRIAN DICKEY

1

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................5

ARGUMENT ........................................................................................................5

I.     ADRIAN STATED A CLAIM FOR ABUSE OF PROCESS..........................................................................................................6

    A.  Adrian pled that the Husteds' lawsuit was for an improper purpose........6

    B.  Initiating and perpetuating a lawsuit with knowledge that there is no basis to recover any requested relief is improper .....................................9

II.    ADRIAN STATED A CLAIM FOR MALICIOUS PROCSECUTION......13

    A. Adrian pled special injuries. ................................................................13

    B. Adrian pled a lack of probable cause ...................................................16

CONCLUSION ...................................................................................................17

CERTIFICATE OF SERVICE .............................................................................18

CERTIFICATE OF COMPLIANCE ....................................................................19

Appellate Case: 25-3390    Page: 2    Date Filed: 05/26/2026 Entry ID: 5643683

# **TABLE OF AUTHORITIES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 6,13

*Brody v. Ruby*, 267 N.W.2d 902 (Iowa 1978) ..........................................................15

*Brown v. Monticello State Bank of Monticello, Iowa*, 360 N.W.2d 81 (Iowa 1984) ..................................................................................................................16,17

*DreamTeam Dev. LLC v. Irlbeck*, No. 4:23-cv-00209-SMR-SBJ, 2023 WL 8522982 (S.D. IA Nov. 3, 2023) ................................................................................ 10, 11

*Foley v. Argosy Gaming Co.*, 688 N.W.2d 244 (Iowa 2004) ..........................................................................................................13

*Hamilton v. Palm*, 621 F.3d 816 (8th Cir. 2010) ........................................................6

*Int'l Motor Contest Ass'n*, Inc. 434 F. Supp. 2d 650 (N.D. IA 2006) ......................12

*Johnson v. Farm Bureau Mut. Ins. Co.*, 533 N.W.2d 203 (Iowa 1995) ..............10,11

*Nelson v. Green*, 965 F. Supp. 2d 732 (W.D. Va. 2013) ............................................16

*Pundzak, Inc. v. Cook*, 500 N.W.2d 424 (Iowa 1993) ...............................................12

*Royce v. Hoening*, 423 N.W.2d 198 (Iowa 1988) .....................................................14

*Sarvold v. Dodson*, 237 N.W.2d 447 (Iowa 1976) ....................................................13

*Schmidt v. Wilkinson*, 340 N.W.2d 282 (Iowa 1983) ..................................................9

*Sorenson v. Sorenson*, 64 F.4th 969 (8th Cir. 2023) ...............................................5,6

*Van Stelton v. Van Stelton*, 994 F. Supp. 2d 986 (N.D. IA 2014) ..............................6

Appellate Case: 25-3390     Page: 3     Date Filed: 05/26/2026 Entry ID: 5643683

## **OTHER**

Restatement (Second) of Torts § 676 (1977) ....................................................10, 12

Restatement (Second) of Torts § 682 (1977) ...........................................................9

Restatement (Third) of Torts: Liab. for Econ. Harm § 24 (2020) .....................10, 12

Appellate Case: 25-3390    Page: 4    Date Filed: 05/26/2026 Entry ID: 5643683

**INTRODUCTION**

Shawna and Allen Husted sued Iowa State Senator Adrian Dickey for improper reasons, to harass and embarrass Adrian, hurt his re-election campaign, and damage his relationship with his and Shawna's daughter, Korynn (Adrian and Shawna previously divorced). Shawna and Allen knew they couldn't recover under their supposed legal theories, but sued anyway, because obtaining court-ordered relief was never their goal. So when the Husteds' state court lawsuit resolved entirely in Adrian's favor, Adrian brought claims in the Southern District of Iowa for abuse of process and malicious prosecution. Adrian's claims were dismissed for failure to state a claim.

Adrian appeals the district court's ruling, which holds his Amended Complaint to a higher standard than is proper at the motion to dismiss stage of the case. The Husteds respond but offer no sound reasoning for the district court's ruling or in opposition to Adrian's appeal. The Husteds' arguments require ignoring Adrian's well-pled allegations completely or discrediting them at the motion to dismiss stage.

The district court should be reversed.

**ARGUMENT**

This is an appeal from the district court's orders granting the Husteds' motion to dismiss. Rulings on a motion to dismiss are reviewed de novo. *Sorenson v. Sorenson*, 64 F.4th 969, 975 (8th Cir. 2023).

5

Appellate Case: 25-3390   Page: 5   Date Filed: 05/26/2026 Entry ID: 5643683

At the motion to dismiss stage, the Court must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Whether pleadings are sufficient is judged under Rule 8 of the Federal Rules of Civil Procedure, which requires only a "short and plain statement of the claim." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010); *see also id*. ("*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2).").

## I.    ADRIAN STATED A CLAIM FOR ABUSE OF PROCESS

"There are three elements to an abuse-of-process claim under Iowa law: (1) the use of a legal process; (2) in an improper or unauthorized manner; and (3) resulting damages." *Van Stelton v. Van Stelton*, 994 F. Supp. 2d 986, 992 (N.D. IA 2014). The Husteds argue allegations supporting the second element are missing here and, as a result, the District Court was correct in its dismissal. But Adrian pled the Husteds' improper purposes so his claim should not have been dismissed.

### A. Adrian pled that the Husteds' lawsuit was for an improper purpose.

In resistance to Adrian's arguments, the Husteds contend that Adrian did not plead that the Husteds' lawsuit was brought for an improper purpose. Brief of Defendants-Appellees ("Appellee Brief") at 15 ("[P]laintiff failed to plausibly allege that the Husteds used legal process primarily for an improper purpose . . . ."); *id.* at 18-26. Their argument does not re-write the pleadings and the Husteds' refusal to

6

acknowledge Adrian's allegations does not change whether they were pled:

18. By this action Plaintiff will ask a jury to hold the Husteds accountable for the cost of their baseless former suit and other related actions, which they prompted and initiated despite knowing falsity and for non-meritorious and improper purposes.

19. For example, the Husteds' Lawsuit alleged that "Adrian never told Korynn that he intended to place a lien on her vehicle, and he never obtained Korynn's consent to place a lien on her vehicle" and that Plaintiff's security notation was "improper and illegal."

20. But text messages that the Husteds produced plainly demonstrated that they possessed and knew this core allegation was false. As the Iowa District Court found, there was no dispute as to a "clear communication by [Adrian] on July 30, 2020, the date of purchase, that he would be a lienholder" . . . .

21. The Iowa District Court continued: "There is simply no evidence that [Adrian] defrauded or cheated his way into becoming a lienholder."

22. But the Husteds' possession of this text exchange and knowing absence of evidence to support their position did not stop the Husteds from initiating and maintaining their suit, because prevailing on the merits was not their primary purpose.

23. Rather, through their assertions and lawsuit the Husteds primar[ily] intended to harass Plaintiff, publicly discredit and embarrass him (including by timing their lawsuit to correspond with his re-election campaign), cause him to incur significant fees, cause him to devote time and effort that diverted him away from his constituents, create a public platform through which the Husteds and Korynn Dickey could spread false and misleading information about Plaintiff, tarnish Plaintiff's reputation,

7

> cause emotional harm and irreparably damage the relationship between Plaintiff and his daughter, and such other improper purposes as may be disclosed in discovery . . . .
>
> 48.     Defendants' used legal process primarily to accomplish a purpose for which it was not designed, such as and without limitation, to harass Plaintiff, cause embarrassment, discredit him, spread otherwise defamatory material about Plaintiff, tarnish his reputation, create a distraction from his work, daily life, and reelection campaign, interfere with family relationships, and cause him to spend money in defense.

App. 4; R. Doc. 9, at 3-10.

The Husteds also seem to argue that even if they do despise and disagree with Adrian, they legitimately believed they were entitled to the insurance proceeds at the center of the state court lawsuit. Appellee Brief at 20 ("[T]he district court correctly concluded that even if the Husteds hoped to cause Plaintiff emotional and financial damage . . . because the purpose of the Lawsuit . . . was a proper use of the legal system, there was no abuse of process."); *see also id.* at 21 ("It is immaterial that the Husteds might have wished Plaintiff harm or attempted to turn public sentiment against him . . . ."). Of course, this makes no sense considering the Husteds (as opposed to Korynn) never owned the car so would have never had a claim to the insurance proceeds. But in any event, the question here is not what the Husteds now argue their purpose was, it's whether Adrian adequately pled an improper purpose. He did.

Appellate Case: 25-3390     Page: 8     Date Filed: 05/26/2026 Entry ID: 5643683

**B. Initiating and perpetuating a lawsuit with knowledge that there is no basis to recover any requested relief is improper.**

The Husteds argue that their state court lawsuit did nothing outside the regular prosecution of the action, so their lawsuit cannot support an abuse of process claim. Appellee Brief at 22-26. Relatedly, they argue (after first agreeing that extortion is not required) that their state court lawsuit did not seek a collateral advantage of some kind. *Id.* at 26-29. Neither of these arguments address the impropriety presented by the Husteds' conduct: the commencement and perpetuation of knowingly false claims to achieve the purposes alleged.

First, abuse of process exists where one uses the legal process "'primarily to accomplish a purpose for which it is not designed.'" *Schmidt v. Wilkinson*, 340 N.W.2d 282, 284 (Iowa 1983) (quoting Restatement (Second) of Torts § 682). Here, Adrian pled that the Husteds knew beforehand they were not entitled to recover any of their requested relief but sued anyway, and continued to improperly use the legal process until the case concluded in Adrian's favor.[1] This case is therefore unlike those where a plaintiff expands a legitimate claim into blue sky damage territory, or has a good faith but mistaken belief that she is entitled to relief. In this case, Adrian alleges

---

[1] As noted in Adrian's opening brief, the Husteds abused process throughout the case by fabricating evidence, deleting evidence, and acting to drive up costs. The Husteds claim "the discovery process is by definition a proper use of legal process." Appellee Brief at 25. But deleting or fabricating evidence or using the discovery process to force an adversary to "spend more money" is not a proper use of legal process. *See* App. 4; R. Doc. 9, at 6-9, ¶¶ 31-37.

9

and quotes the Husteds' text messages to show that the Husteds knew their lawsuit was illegitimate from the start. That knowledge continued until case conclusion.

"A party who brings a lawsuit despite believing that it lacks merit is necessarily acting for an improper purpose." Restatement (Third) of Torts: Liab. for Econ. Harm § 24 *cmt. d* (2020). And one "cannot believe that the claim is meritorious . . . if he knows that it is a false one based upon manufactured or perjured testimony, or if he realizes that the adjudication will not be in his favor unless the court or jury is misled in some way." Restatement (Second) of Torts § 676 *cmt. c* (1977). That is precisely what Adrian alleged. *See* App. 4.; R. Doc. 9, at 6, ¶ 32 (conspiring to delete evidence); App. 4; R. Doc. 9, at 7, ¶ 34 (conspiring to bribe Korynn for deposition testimony); App. 4; R. Doc. 9, at 8-9, ¶¶ 36-37 (conspiring to fabricate testimony).

The Husteds counter by again ignoring those and other allegations, falsely claiming "[n]owhere, however, does Plaintiff allege that recovery of the insurance proceeds was not the purpose of the Husted Lawsuit." Appellee Brief at 22; *but see* App. 4; R. Doc. 9, at 3-5, ¶¶ 18-23. They also cling to *DreamTeam's* statement that "[i]t is not enough of an improper purpose that the plaintiff knows 'there is no entitlement to recover the full amount of damages sought.'" *DreamTeam Dev. LLC v. Irlbeck*, 2023 WL 8522982, at *6 (S.D. IA Nov. 3, 2023). And they rely on *Johnson v. Farm Bureau*, which the Husteds wrongly claim held that a frivolous lawsuit cannot be an abuse of process.

10

As to *DreamTeam*, there is a difference between knowing one is not entitled to the full amount of claimed damages and knowing one is not entitled to any amount of damages. The Husteds' lawsuit was the latter.

Further, *Johnson* does not hold that filing a meritless lawsuit cannot support an abuse of process claim. In that case, the "frivolous" claim was paired with a non-frivolous breach of contract claim. *See generally Johnson v. Farm Bureau Mut. Ins. Co.*, 533 N.W.2d 203 (Iowa 1995). No such legitimate claim was brought by the Husteds. Here, Adrian's allegations support the conclusion that the Husteds prompted and joined a lawsuit knowing there was no entitlement to relief. *E.g.* App. 4; R. Doc. 9, at 8, ¶ 36 (Shawna Husted's pre-litigation instructions to reshape her daughter's absent memory: "You need to legally say that it was a gift and you had no idea there was anything attached to it."). This fact pattern is remarkably distinct from *Johnson*.

Second, the Husteds assert that abuse of process "requires Plaintiff to plausibly allege that the Husted[s] leveraged the litigation to get something from him, or force him to do something, that they could not get from him or force him to do through the litigation itself." Appellee Brief at 27. As Adrian has already explained, if that was a real requirement, Adrian has met it. He pled extortion by pleading that the Husteds knew they were not entitled to relief but filed and continued the lawsuit in an attempt to coerce the release of insurance proceeds anyway.

Pleading extortion, however, is not the only way to plausibly allege an

11

improper purpose. Indeed, the Restatement of Torts explains "[t]here are numerous situations in which the civil proceedings are initiated primarily for an improper purpose." Restatement (Second) Torts § 676 *cmt. c* (1977). For example, "an absence of probable cause to support a claim may support a finding that the claim was brought for an improper purpose." Restatement (Third) of Torts: Liab. for Econ. Harm § 24 *cmt. d* (2020). This finding is "most appropriate when the lack of probable cause suggests that the party who brought the claim could not have believed that it had merit," *id.*, which is the case here. App. 4; R. Doc. 9, at 4-9 ¶¶ 21, 36-37. Why else would the Husteds conspire to fabricate and delete evidence?

An equally troubling problem with the Husteds' argument is that it ignores the fact that Iowa Courts have already found claims for abuse of process in similar cases, based on filing a lawsuit for reasons other than to obtain a recognized form of relief. For instance, a lawsuit meant to "nickel and dime" and "bleed" a defendant supported an abuse of process claim. *Pundzak, Inc. v. Cook*, 500 N.W.2d 424, 430 (Iowa 1993). So too did a lawsuit "for the immediate purpose of harming competitors, which is not what a copyright infringement action is designed for." *Int'l Motor Contest Ass'n*, Inc. 434 F. Supp. 2d 650, 677 (N.D. IA 2006). The Husteds attempt to distinguish these cases because they were decided before *Iqbal* and *Twombly*. Appellee Brief at 24. But *Iqbal* and *Twombly* at most impact the level of detail that allegations of an improper purpose must contain. They have no bearing on what can and cannot be an improper

Appellate Case: 25-3390     Page: 12     Date Filed: 05/26/2026 Entry ID: 5643683

purpose.

Because Adrian pled that the Husteds used the legal process for an improper purpose, his claim should not have been dismissed.

## II. ADRIAN STATED A CLAIM FOR MALICIOUS PROSECUTION

Under Iowa law, malicious prosecution exists where six elements are met: "(1) a previous prosecution, (2) instigation or procurement thereof by defendant, (3) termination of the prosecution by an acquittal or discharge of plaintiff, (4) want of probable cause, (5) malice in bringing the prosecution on the part of the defendant and (6) damage to plaintiff." *Sarvold v. Dodson*, 237 N.W.2d 447, 448 (Iowa 1976). The Husteds argue that Adrian did not plead the fourth and sixth elements. The Husteds are wrong.

### A. Adrian pled special injuries.

The Husteds primarily argue that Adrian failed to plead special injuries. He did, so the district court's motion to dismiss ruling was incorrect.

Under current Iowa law (many states have abandoned the requirement), not all damages suffice for a malicious prosecution claim. Instead, a plaintiff must allege a "special injury sustained which would not necessarily result in all suits prosecuted to recover for like causes of action." *Foley v. Argosy Gaming Co.*, 688 N.W.2d 244, 246 (Iowa 2004).

The Husteds argue that all of Adrian's alleged injuries are part and parcel of

13

Appellate Case: 25-3390     Page: 13     Date Filed: 05/26/2026 Entry ID: 5643683

any lawsuit. They dismiss his re-election and legislative harms by pointing out that Adrian won re-election. They characterize most of his injuries as "form[s] of reputational and emotional harm." Appellee Brief at 32.

Initially, that Adrian won re-election does not change his allegations of harm to his re-election campaign or ability to work with other legislators. Adrian pled that the Husteds' lawsuit was filed for improper reasons, including to impact Adrian's re-election campaign and divert his focus from his constituents. App. 4; R. Doc. 9, at 5, ¶ 23. Adrian explained that the Husteds strongly oppose his political views, App. 4; R. Doc. 9, at 5, ¶ 26, and sought out liberal outlets to spread their allegations. App. 4; R. Doc. 9, at 5, ¶ 27. Adrian also explained that the Husteds contacted other legislators and constituents. App. 4; R. Doc. 9, at 5-6, ¶¶ 28-29. Accepting these allegations as true also accepts unique harms that support the existence of special damages.

Further, the Husteds' characterization of Adrian's damages as reputational and emotional is not the sword the Husteds think it is. Appellee Brief at 32-33. Iowa courts have not found that reputational and emotional harm cannot support a malicious prosecution claim. They have found that the reputational and emotional harm attendant in any litigation cannot support a malicious prosecution claim. Where the harm is not of the type attendant in any litigation, it may be a special injury. *See, e.g.*, *Royce v. Hoening*, 423 N.W.2d 198, 201 (Iowa 1988) (nothing the "reputational harm" was of "no greater hardship than that suffered by any litigant"); *Brody v. Ruby*,

14

267 N.W.2d 902, 905 (Iowa 1978) (searching for reputational harm "that would not accompany most professional malpractice actions").

Here, Adrian's allegations of reputational and emotional harm are those which would not be present in any ordinary lawsuit. Much of Adrian's reputational and emotional harm was magnified due to Adrian's status as a state legislator and the Husteds' publicity campaign. *See, e.g.*, App. 4; R. Doc. 9, at 5, ¶¶ 25-28. And the harm to Adrian's and Korynn's relationship was both encouraged by the Husteds and of the type that would not be attendant in typical litigation.

As explained by Adrian, at the time of the Husteds' lawsuit, the Husteds were Korynn's guardians and conservators and controlled the decision-making of the lawsuit. App. 4; R. Doc. 9, at 3, ¶ 13. Korynn herself, had virtually no relevant knowledge. She couldn't remember anything about the lien, App. 4; R. Doc.9, at 8, ¶ 36, so Shawna drilled her on what to say. App. 4; R. Doc. 9, at 8, ¶ 36. Shawna encouraged Korynn to read emails that Shawna sent so that Korynn would "actually know what's going on." App. 4; R. Doc. 9, at 8, ¶ 37. And Allen emphasized the importance of Korynn "put[ting] on the academy performance of her life" at her deposition. App. 4; R. Doc. 9, at 7, ¶ 35. The Husteds planned to "bribe" Korynn in advance of the deposition. App. 4; R. Doc. 9, at 7, ¶ 34.

Because of the Husteds actions, Adrian explained that the damage "to his relationship with his daughter may be irreparable." App. 4; R. Doc. 9, at 10 ¶ 42. The

15

Husteds claim "it is obvious that [Adrian's] relationship with Korynn was damaged long before the Husted Lawsuit was filed." Appellee Brief at 31. That, of course, is a fact question.[2] Adrian pled an injury not attendant in any litigation.

## B. Adrian pled a lack of probable cause.

Finally, the Husteds dispute that their lawsuit lacked probable cause. But at the motion to dismiss stage, Adrian has adequately pled a lack of probable cause.

Probable cause means "knowledge of a state of facts which would lead a person of ordinary caution and prudence, acting conscientiously, impartially, reasonably, and without prejudice, to believe that the suit is justified." *Brown v. Monticello State Bank of Monticello, Iowa*, 360 N.W.2d 81, 87 (Iowa 1984).

Here, Adrian explained that the Husteds knew their claims were meritless. The Husteds possessed knowledge that Adrian would be the lienholder and yet sued him for being the lienholder anyway. As the Iowa District Court explained: "There is simply no evidence that [Adrian] defrauded or cheated his way into becoming a lienholder." App. 4; R. Doc. 9, at 4, ¶ 21. A person of ordinary caution and prudence

---

[2] The Husteds also cite to *Nelson v. Green* for the proposition that "[d]amage to a personal relationship, like reputational harm generally, is not a special injury." Appellee Brief at 33. That is an overstatement of the Virginia court's holding (applying Virginia law), which found deprivation from a child's life was "the kind of secondary consequences *associated with a child abuse petition*." *Nelson v. Green*, 965 F. Supp. 2d 732, 752 (W.D. Va. 2013) (emphasis added). The Husteds have no explanation for how the damage to Adrian's and Korynn's relationship is a secondary consequence of a lawsuit concerning a security interest.

Appellate Case: 25-3390    Page: 16    Date Filed: 05/26/2026 Entry ID: 5643683

would not have brought the Husteds' lawsuit.

## **CONCLUSION**

For the reasons explained herein and in Adrian's Opening Brief, the district court's dismissal should be reversed.

Respectfully submitted,

*/s/ Samuel J. Gray*
Abram V. Carls
Samuel J. Gray
Simmons Perrine PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
acarls@sp.law
sgray@sp.law

ATTORNEYS FOR PLAINTIFF-
APPELLANT ADRIAN DICKEY

17

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Samuel J. Gray*

Appellate Case: 25-3390    Page: 18    Date Filed: 05/26/2026 Entry ID: 5643683

# CERTIFICATE OF COMPLIANCE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word using a proportionally spaced typeface—Times New Roman 14 point.

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), which permits up to 6,500 words. As determined by the word count feature of Microsoft Word, this brief contains 3,014 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with Eighth Circuit Local Rule 28A(h) because it is a single, PDF document printed directly from Microsoft Word's word-processing system. The brief and addendum were scanned for viruses and found to be virus free, and the addendum may be searched and copied.

Dated: May 22, 2026.

*/s/ Samuel J. Gray*

Appellate Case: 25-3390    Page: 19    Date Filed: 05/26/2026 Entry ID: 5643683